UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BETH FORBES ET AL. | CIVIL ACTION |
| VERSUS | |
| WEST AMERICAN INSURANCE COMPANY ET AL. | NO.: 17-01097-BAJ-EWD |

## RULING AND ORDER

Before the Court are three motions for summary judgment. Both parties filed responses. (Doc. 47, 48, 49). For the reasons stated herein, Defendant's **Motion for Partial Summary Judgment Concerning Plaintiffs' Bad Faith Claim Under La. Rev. Stat. 22:1892 (Doc. 44)** is **GRANTED IN PART AND DENIED IN PART**. Defendant's **Motion for Partial Summary Judgment (Doc. 45)** is **GRANTED IN PART and DENIED IN PART**. Plaintiff's **Motion for Summary Judgment Regarding Right to Payment, Credit or Offset (Doc. 46)** is **DENIED**.

I. BACKGROUND

On June 9, 2015, Plaintiff Beth Forbes (Mrs. Forbes) was involved in a car accident at the intersection of Greenwell Springs Road and Monterrey Boulevard in Baton Rouge Louisiana. Mrs. Forbes was stopped at a red light in the westbound lane of Greenwell Springs Road when she was struck from behind by a Jeep Grand

1

Cherokee driven by Clytisha Smith ("Smith"). (Doc. 1-2 at p. 7). It appears to be undisputed that Mrs. Forbes was not at fault for the accident.

GEICO insured Smith under an auto liability policy with a §15,000 limit, which it paid to Mrs. Forbes on December 24, 2015. (Doc. 44-1 at p. 2). At the time of the collision, Mrs. Forbes was covered by an uninsured motorist insurance policy issued by Defendant, West American Insurance Company, through her employer. It appears to be undisputed that, over time, Defendant issued six payments from the $1,000,000 policy totaling $780,519.68. (Doc. 44 at p. 1). Plaintiffs, Mrs. Forbes and her husband Ben Forbes (Mr. Forbes), assert that the payments were untimely and insufficient and that Defendant "arbitrarily, capriciously, and without just caused failed to timely tender, unconditionally, sufficient sums" for their damages. (Doc. 1-2 at p. 9). Plaintiffs seek to recover for Mr. Forbes' loss of consortium under La. R.S. 22:1973 and for Mrs. Forbes' injuries under La. R.S. 22:1892.[1] (*Id.*)

## II. LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in

---

[1] Both La. R.S. 22:1892 and La. R.S. 1973 render insurers who arbitrarily, capriciously, or without probable cause fail to pay claims owed to insured parties liable for damages. La. R.S. 22:1892 provides penalties if the insurer fails to pay within 30 days of receipt of proof of loss, while La. R.S. 22:1973 provides penalties if the insurer fails to pay within 60 days of receipt of proof of loss. La. 22:1892 also provides for attorney's fees.

2

the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. DISCUSSION

　　A.　　Mrs. Forbes' Claim Under La. R.S. 22:1892

　　　　1.　*Timeliness of Payments*

Defendant seeks a judgment declaring that five of the six payments it disbursed were timely and that the maximum penalty for Mrs. Forbes' damages under La. R.S. 22:1892 is $222,033.22. La. R.S. 22:1892 requires an insurer to tender "the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured." The failure to do so, if found to be "arbitrary, capricious, or without probable cause," subjects the insurer to a penalty of fifty percent damages on the amount due. *Id.*

Defendant contends that its payments made on April 19, 2016, July 18, 2017, October 10, 2017, January 31, 2018, and July 3, 2018 were timely as a matter of law. Plaintiffs dispute the timeliness of the April 19, 2016 payment. Plaintiffs assert that their payment demand was received by Defendant on March 17, 2016 while Defendant claims it was received on March 21, 2016. (Doc. 44-3 at p. 144, 181-182). The dispute over the date stems from the location to which the demand was mailed. All payment demands to Defendant are sent to mail centers in either Kentucky or California, depending on the type of policy an insured party holds. (Doc. 44-3 at p. 183). Insured parties are informed by Defendant which address should be used. *Id.* The mail centers are owned and operated by an outside vendor who Defendant has contracted to scan the mail sent to Defendant. *Id.* In this case, it is undisputed that Defendant directed Plaintiffs to mail their payment demand to California, but

4

Plaintiffs instead sent it to Kentucky. (Doc. 44-3 at p. 179). Defendant asserts that Plaintiffs' mistake resulted in a four to five day delay of the demand's arrival at the correct claims center. *Id.* Ultimately, it appears to be undisputed that the delay in receipt was due to Plaintiffs' failure to properly address the correspondence letter. Therefore, the Court concludes the that Defendant received Plaintiffs' claim on March 21, 2016. Because Defendant tendered payment on April 19, 2016, twenty-nine days after the payment demand was received, Defendant's tender was timely.

Plaintiffs also dispute the timeliness of the July 3, 2018 payment. For the reasons stated in Part B of this opinion, the Court concludes that Defendant is not entitled to a declaration that the July 3, 2018 payment was timely. Accordingly, Defendant is only entitled to summary judgment on the timeliness of four of the six tendered payments.

### 2. *Limitation on Recovery*

The Court further concludes that Plaintiffs' penalty under La. R.S. 22:1892 is limited to $229,533.27, not including any award of reasonable attorney fees and costs. La. R.S. 22:1892 provides that an insured party is only permitted to recover fifty percent damages of the amount found to be due for arbitrary and capricious behavior. The sum total of Defendant's four timely payments on April 19, 2016, July 18, 2017, October 10, 2017, and January 31, 2018 is $540,933.46. Accordingly, only $459,066.54 of the $1,000,000 policy can qualify as either unpaid or paid untimely. Fifty percent of $459,066.54 is $229,533.27. Accordingly, the Court grants partial summary judgment on this issue.

5

B. Mr. Forbes's Loss of Consortium

Defendant seeks the dismissal of Mr. Forbes' loss of consortium claim under La. R.S. 22:1973. The Court addresses each of Defendant's arguments below.

### 1. Simultaneous Claims under La. R.S. 22:1973 and La. R.S. 22:1892

Defendant appears to contend that Plaintiffs cannot simultaneously present a claim for Mr. Forbes' loss of consortium under La. R.S. 22:1973 and Mrs. Forbes' claim for damages under La. R.S. 22:1892. Defendant first points to Louisiana decisions which have held that "loss of consortium is derivative of the primary victim's injuries and not a separate bodily injury." *Ferrell v. Fireman's Fund*, 96-3028 (La. 7/1/97); 696 So.2d 569, 576. However, ultimately, such cases have only held that because a loss of consortium claim ultimately stems from the primary victim's injuries, both claims fall under the same policy cap. *Id.* That is, as Plaintiffs point out, once the primary victim's damages exceed the available coverage, the loss of consortium claimant simply loses the right to recover from the policy. In this instance, Mr. Forbes' claim under the policy, excluding penalties and attorney's fees, is limited to $1,000,000 less any amount Mrs. Forbes recovers.

Defendant also asserts that the La. R.S. 22:1973 claim should be dismissed because Louisiana courts have explicitly held that an injured party cannot simultaneously recover under La. R.S. 22:1973 and La. R.S. 22:1892. The Louisiana Supreme Court has held that, when an insurer has breached both penalty statues, the insured cannot recover the statutory penalty under both statutes, but only under the statute that affords the greater penalty. If the more favorable penalty is available

6

under La. R.S. 22:1973, then the insured may also recover attorney's fees under La. R.S. 22:1982. *Calogero v. Safeway Ins. Co. of Louisiana*, 753 So. 2d 170 (La. 2000). The Court agrees that Plaintiffs cannot recover simultaneously under both statutes. Plaintiffs appear to assert that they are free to recover under both statutes because the loss of consortium claim is separate and distinct from Mrs. Forbes' injury claim. However, as noted previously, Louisiana courts have been clear that a loss of consortium action is a derivative claim of the primary victim's injuries. Thus, it would be incongruous to allow Mr. Forbes to recover under 22:1973 and simultaneously allow Mrs. Forbes to recover under 22:1892, when a single plaintiff could not recover under both statutes.

Even so, Defendant is still not entitled to the dismissal of Mr. Forbes' 22:1973 claim. Defendant has not cited and the Court has not found any authority holding that a Plaintiff must elect to sue under either statute prior to trial. Rather, assuming that a jury finds that Defendant is liable under both statutes, Plaintiffs will only be allowed to recover under the statute for which the jury has calculated greater damages. Accordingly, Defendant is not entitled to summary judgment on this ground.

### 2. *Plaintiff's Failure to Prove Bad Faith*

Defendant asserts that Plaintiffs have also failed prove bad faith, a prerequisite to recovery under La. R.S. 22:1973. Plaintiffs assert that Defendant was aware of the loss of consortium claim in October of 2016, a fact which Defendant admits. (Doc. 49 at p. 3). However, Defendant asserts that Plaintiffs did not provide

7

satisfactory proof of loss until Plaintiffs' depositions on June 8, 2018, when Defendant received concrete proof of Mr. Forbes' damages. Defendant claims that well within sixty days of the deposition, on July 3, 2018, Defendant tendered $15,000 to Mr. Forbes for loss of consortium. (Doc. 45-1 at p. 11). The Court concludes that there remains a dispute of material fact as to whether Plaintiffs did in fact provide a satisfactory proof of loss. Defendant appears to admit that Plaintiffs provided some documentation of loss prior to the depositions, but that they were not satisfactory. (Doc. 44-3 at p. 159). There also remains a dispute of material fact as to whether Defendant acted in bad faith, particularly because Defendant failed to pay the claim for two years after receiving notice. Summary judgment is rarely appropriate where motivation and intent, in this case Defendant's reasons for delaying payment, are at issue. *Goree v. Lincoln Parish Detention Center Com'n*, No. 09-745, 2010 WL 4295328, at * 3 (W.D. La. Oct. 22, 2010) (citing *Thornbrough v. Columbus and Greenville R. Co.*, 760 F.2d 633, 641 (5th Cir. 1985) (rev'd on other grounds)). Accordingly, Defendant is not entitled to summary judgment based on Plaintiffs' failure to prove bad faith.

### 3. *Limitation on Recovery Under La. R.S. 22:1973*

Defendant alternatively asserts that Plaintiff's penalty under La. R.S. 22:1973 should be limited to $5,000. The statute provides that an insurer who fails to pay the amount of any claim within sixty days of receipt of satisfactory proof of loss is liable for damages sustained as a result of breach. *Id.* Where a plaintiff has not proven damages sustained as a result of the breach, the insured may be awarded a penalty

not to exceed $5,000. *Id.* "Damages sustained as a result of breach" does not mean amounts owed under the policy. *See Durio v. Horace Mann Ins. Co.*, 74 So. 3d 1159, 1170 (La. 10/25/11). Rather the phrase means damages "attributable to the insurer's breach of duties imposed under the statute." *Id.* at 1171.

While they have presented evidence that could support a loss of consortium claim, Plaintiffs have failed to present any evidence that Plaintiffs suffered damages as a result of Defendant's *failure to timely pay the claim*. Plaintiffs only argument appears to be that up until Mrs. Forbes' third surgery, sufficient funds remained in the policy that should have been paid to Mr. Forbes for his loss of consortium claim. In other words, the $1,000,000 cap had not yet been exhausted. (Doc. 49 at p. 4). However, because Mrs. Forbes recovered under the policy first, Mr. Forbes could no longer recover. (*Id.*). The Court is not persuaded by this argument. Either Mr. Forbes could have recovered under the policy first and thus limited Mrs. Forbes' recovery or vice versa. The $1,000,000 cap would exist either way. Plaintiffs cannot argue that the exhaustion of the policy itself is the damage suffered by Mr. Forbes. Moreover, Plaintiffs fail to point to any facts in the record which indicate that Mr. Forbes suffered additional pain and suffering because of the delay in payment. Accordingly, Plaintiffs' recovery under 22:1973 is limited to $5,000.

### C. Exclusion of Worker's Compensation from Insurance Payout

Plaintiffs seek summary judgment holding that Defendant is not entitled to any reduction in its recovery on account of money paid to Mrs. Forbes on behalf of her employer. (Doc. 46-2 at p. 1). Plaintiffs assert that Defendant's Answer to Plaintiff's

9

Petition for Damages failed to affirmatively assert that this amount should be subtracted from Mrs. Forbes payout. *Id.* However, Plaintiffs fail to recognize that Defendant pled, as its Fifth Defense, that the insurance policy "excludes UM [uninsured motorist] coverage for 'the direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law." (Doc. 6 at p. 2). As Defendant points out, the Louisiana Supreme Court has repeatedly held that this language entitles an UM insurer such as Defendant to offset amounts for workers compensation paid to the insured party. *Bellard v. American Cent. Ins. Co.*, 2007-C-1399, p. 22 (La. 4/18/08); 980 So.2d 654, 670. Accordingly, Plaintiffs are not entitled to summary judgment on this issue.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Partial Summary Judgment Concerning Plaintiffs' Bad Faith Claim Under L.A. Rev. Stat. 22:1892 (Doc. 44)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's **Motion for Partial Summary Judgment (Doc. 45)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Summary Judgment Regarding Right to Payment, Credit or Offset (Doc. 46)** is **DENIED.**

Baton Rouge, Louisiana, this 15th day of May, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA